SM

**FILED**

MAR 21 2022 CM

THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

GEORGE MOORE,

    Plaintiff,

v.

OKCITY RX LLC,

    Defendant.

1:22-cv-01476
Judge Charles P. Kocoras
Magistrate Judge Heather K. McShain
RANDOM

## COMPLAINT

Plaintiff George Moore states as follows for his complaint against OKCity Rx LLC:

### Preliminary Statement

1. This action arises out of the Defendant's repeated violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, et seq. ("TCPA").

2. Defendant OKCity Rx LLC ("OKCity Rx") initiated calls to the residential telephone number of Plaintiff despite it being registered on the National Do Not Call Registry, to promote OKCity Rx's goods and services, in violation of the TCPA.

3. This Complaint also relates to the Defendant's conduct making telemarketing calls to the Plaintiff in the absence of any "do not call" policy or training, as well as making such calls to the Plaintiff after he indicated that he no longer wanted to be contacted.

### PARTIES

4. Plaintiff George Moore is a natural person and resident of Illinois in this District.

5. Defendant OKCity Rx LLC is an Oklahoma corporation that has its principal place of business in Oklahoma City, Oklahoma.

1

6. The Defendant itself, and/or through third parties, places telemarketing calls into this District, or authorized the same, as it did with the Plaintiff.

## JURISDICTION & VENUE

7. This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 and 47 U.S.C. § 227 *et seq.*

8. This Court has specific personal jurisdiction over OKCity Rx because it offers health care related goods and services in this District as a result of the telemarketing calls it makes, just as it did with the Plaintiff.

9. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) because the Plaintiff is a resident of this District, which is where he received the illegal telemarketing calls that are the subject of this Complaint.

## TCPA BACKGROUND

10. In 1991, Congress enacted the TCPA to regulate the explosive growth of the telemarketing industry. In so doing, Congress recognized that "[u]nrestricted telemarketing . . . can be an intrusive invasion of privacy [.]" Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, § 2(5) (1991) (codified at 47 U.S.C. § 227).

11. § 227(c) of the TCPA requires the FCC to "initiate a rulemaking proceeding concerning the need to protect residential telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object." 47 U.S.C. § 227(c)(1).

The National Do Not Call Registry

12. The National Do Not Call Registry allows consumers to register their telephone numbers and thereby indicate their desire not to receive telephone solicitations at those numbers. *See* 47 C.F.R. § 64.1200(c)(2).

2

13. A listing on the Registry "must be honored indefinitely, or until the registration is cancelled by the consumer or the telephone number is removed by the database administrator." *Id.*

14. The TCPA and implementing regulations prohibit the initiation of telephone solicitations to residential telephone subscribers to the Registry and provides a private right of action against any entity that makes those calls, or "on whose behalf" such calls are made. 47 U.S.C. § 227(c)(5); 47 C.F.R. § 64.1200(c)(2).

<u>The TCPA's Requirement to Have Sufficient Policies In Order to Honor Requests to Stop Contacting Individuals.</u>

15. The FCC was instructed to "compare and evaluate alternative methods and procedures (including the use of … company-specific 'do not call' systems …)" and "develop proposed regulations to implement the methods and procedures that the Commission determines are most effective and efficient to accomplish purposes of this section." 47 U.S.C. § 227(c)(1) at (A), (E).

16. Pursuant to this statutory mandate, the FCC established company-specific "do not call" rules. *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 7 FCC Rcd. 8752 (Oct. 16, 1992) ("TCPA Implementation Order").

17. The FCC found that "the company-specific do-not-call list alternative is the most effective and efficient means to permit telephone subscribers to avoid unwanted telephone solicitations." *Id.* at 8765 (¶ 23).

18. However, recognizing that an honor system would probably be insufficient, the FCC found that it "must mandate procedures for establishing company-specific do-not-call lists to ensure effective compliance with and enforcement of the requirements for protecting consumer privacy." *Id.* at ¶ 24.

3

19. It accordingly placed the burden on telemarketers to implement and prove the implementation of their compliance procedures.

20. These regulations are codified at 47 C.F.R. § 64.1200(d)(1)-(7).

21. Specifically, these regulations require a company to keep a written policy, available upon demand, for maintaining a do-not-call list, train personnel engaged in telemarketing on the existence and use of its internal do-not-call list, and record and honor "do not call" requests for no less than five years from the time the request is made. 47 C.F.R. § 64.1200(d)(1, 2, 3, 6).

22. These regulations prohibit a company from making telemarketing calls unless it has implemented these policies and procedures. 47 C.F.R. § 64.1200(d).

23. The TCPA provides a private right of action against any entity that makes such calls without having implemented these policies and procedures, or "on whose behalf" such calls are made. 47 U.S.C. § 227(c)(5).

## FACTUAL ALLEGATIONS

24. OKCity Rx is in the business of selling prescription medications and supplies.

25. One of OKCity Rx's strategies for marketing its goods and generating new customers is telemarketing.

26. Upon information and belief, OKCity Rx's telemarketing targets consumers enrolled in health insurance plans, in order to seek reimbursement from such plans for the goods dispensed to OKCity Rx customers acquired through such telemarketing.

27. Beginning in November 2021, Plaintiff Mr. Moore started receiving repeated calls on his residential telephone number (630) 510-XXXX, from caller ID (239) 933-8387.

4

28. Mr. Moore's number has been continuously registered on the National Do Not Call Registry for more than ten years prior to receipt of the calls.

29. Mr. Moore received such a call on November 11, 2021 at 2:27 p.m.

30. Mr. Moore ignored the call.

31. However, Mr. Moore received another call from the same caller ID at 3:45 p.m. on the same day.

32. Mr. Moore answered the call and was connected with a "James" who claimed to represent a variety of health insurance companies.

33. In order to confirm the identity of the company that was calling him, Mr. Moore listened to the telemarketing pitch.

34. The representative "James" asked Mr. Moore for the name of his doctor.

35. Mr. Moore was next asked if he suffered from a variety of ailments.

36. Mr. Moore was then offered pain cream, skin cream, migraine medication and insulin, which the representative claimed would be covered by Mr. Moore's health insurance "free of cost".

37. The representative concluded the call by stating "Now we are going to fax the prescription request to your doctor".

38. On November 18, 2021, Mr. Moore was informed by his doctor's office that they received a fax regarding prescription orders for him.

39. The fax is addressed to Mr. Moore's doctor and contains prescription requests for pain cream, skin cream, migraine medication and insulin.

40. The sender listed on the fax is "OKCity Rx, 3300 NW 56th St Ste 101, Oklahoma City, OK, 73112".

41. On November 23, 2021, the Plaintiff sent an e-mail to OKCity Rx requesting that he no longer receive calls and asking for a copy of the company's Do Not Call policy.

42. He did not receive one.

43. Instead, the Plaintiff continued receiving telemarketing calls from the Defendant.

44. The Caller ID on the additional calls was the same as on the aforementioned calls the Plaintiff received on November 11, 2021.

45. The Plaintiff received at least 51 such calls from the Defendant on his residential number after the e-mail he sent.

46. Plaintiff has been injured by the acts of the Defendant because his privacy has been violated and he was subjected to annoying and harassing calls that constitute a nuisance. Plaintiff was also temporarily deprived of legitimate use of his phone because the phone line was tied up by the illegal calls.

47. Plaintiff did not provide his prior express written consent for the Defendant to place telemarketing calls to him.

48. Defendant's calls were not made on behalf of, or otherwise authorized by, Plaintiff's health insurance company.

## COUNT I
### Violations of the TCPA's Do Not Call Registry Provisions
### 47 U.S.C. § 227(c)(5) and 47 C.F.R. § 64.1200(c)

49. Plaintiff incorporates the allegations from all previous paragraphs as if fully set forth herein.

50. The Defendant violated the TCPA, 47 U.S.C. § 227, by (a) initiating multiple telephone solicitations within a 12-month period to the Plaintiff's residential telephone number

6

that is registered on the National Do Not Call Registry, or (b) by the fact that others made those calls on its behalf.

51. Defendant's violations were negligent, willful, or knowing.

52. As a result of Defendant's, and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf, violations of the TCPA, 47 U.S.C. § 227, Plaintiff is presumptively entitled to an award of between $500 and $1,500 in damages for each call made.

## COUNT II
### Violations of the TCPA's Internal Do Not Call Provisions
### 47 U.S.C. § 227(c)(5) and 47 C.F.R. § 64.1200(d)

53. Plaintiff incorporates the allegations from all previous paragraphs as if fully set forth herein.

54. Defendant placed numerous calls for telemarketing purposes to Plaintiff's residential telephone number.

55. Defendant did so despite not having a written policy pertaining to "do not call" requests.

56. Defendant did so despite not training its personnel on the existence or use of any internal "do not call" list.

57. Defendant did so despite not recording or honoring "do not call" requests.

58. The Defendant violated the TCPA by (a) initiating calls for telemarketing purposes to the Plaintiff without having instituted procedures for maintaining a list of persons who request not to receive telemarketing calls made by or on behalf of the Defendant, or (b) by the fact that others made those calls on its behalf.

59. Defendant's violations were negligent, willful, or knowing.

60. As a result of Defendant's, and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf, violations of the TCPA, 47 U.S.C. § 227, Plaintiff is presumptively entitled to an award of between $500 and $1,500 in damages for each call made.

## **PRAYER FOR RELIEF**

WHEREFORE, the Plaintiff respectfully prays that judgment be awarded in Plaintiff's favor and against the Defendant, as follows:

A. A declaration that Defendant and/or its affiliates, agents, and/or other related entities' actions complained of herein violated the TCPA;

B. An award of damages to Plaintiff, as allowed by law;

C. Costs of suit;

D. Leave to amend this Complaint to conform to the evidence presented at trial; and

E. Such other relief as the Court deems just and proper.

**Plaintiff requests a jury trial as to all claims of the complaint so triable.**

RESPECTFULLY SUBMITTED,

GEORGE MOORE

DATED: March 21, 2022        By: _George Moore_

George Moore
906 Chatham Drive
Carol Stream, IL  60188
Email: gmoore3@att.net
Telephone:  (630) 699-3205

8