# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| GEORGE MOORE, | : | |
| Plaintiff, | : | Case No. 1:22-cv-01476 |
| v. | : | Honorable Charles P. Kocoras |
| OKCITY RX LLC, | : | Magistrate Judge Heather K. McShain |
| Defendant. | : | |

## PLAINTIFF'S RESPONSE TO LETTER FROM FRANK P. SUESS (Dkt. 10)

Plaintiff, GEORGE MOORE, respectfully submits this Response to the Letter from Frank P. Suess dated May 17, 2022 and docketed on May 19, 2022 (Dkt. 10).

### Introduction

Frank P. Suess ("Suess"), a non-party in this Action, writes letters to the Court, attacking Plaintiff's allegations of his Complaint and subsequent Motion for Entry of Default against Defendant OKCITY RX LLC ("OKCity Rx"), and callously and falsely accusing Plaintiff of lying to the Court. As outlined herein, Suess' letters are both misguided and improper, and they should be stricken.

### Background

On March 21, 2022, Plaintiff filed his Complaint (Dkt. 1), alleging violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.*, against OKCity Rx. A Summons was issued, and together with a copy of the Complaint, was served upon OKCity Rx on March 23, 2022.

On April 28, 2022, a letter from Suess addressed to the Court was docketed in the case

(Dkt. 7). In that letter, which is dated April 5, 2022, Suess, purporting to help OKCity Rx "at no charge", asserts that OKCity Rx—a pharmacy that does business nationally—can't afford to hire an attorney[1]. Dkt. 7 p. 1. Suess' letter next proceeds to attack Plaintiff's Complaint by vaguely alleging, *inter alia*, that Plaintiff was contacted by an unidentified "independent telemarketing firm", and that Plaintiff opted in to be contacted while visiting a similarly unidentified "website". *Id*.

OKCity Rx's answer to the Complaint or other responsive pleading was due by April 13, 2022. None was filed, nor did OKCity Rx appear as of that date. OKCity Rx similarly did not appear for the telephonic status hearing held on May 12, 2022.

On May 13, 2022, having not heard from Defendant OKCity Rx, Plaintiff filed a Motion for Entry of Default against OKCity Rx (Dkt. 9), citing OKCity Rx's failure to appear, answer, or otherwise plead to Plaintiff's Complaint.

On May 19, 2022, another letter from Suess, dated May 17, 2022, was docketed in the case (Dkt. 10). In this letter, Suess contends that the Complaint was answered on April 5, 2022, and that Plaintiff "continues to lie to the court". Dkt. 10 p. 1.

On May 20, 2022, the Court set June 3, 2022 as the due date for Plaintiff's response to Suess' May 17th letter. Dkt. 11.

**RESPONSE**

1. **Suess Is Not a Permissible Representative for OKCity Rx**

It has been the law for the better part of two centuries that a corporation may appear in the federal courts only through licensed counsel. *See Rowland v. California Men's Colony, Unit*

---

[1] Suess admits in his April 5th letter that OKCity Rx, a pharmacy based in Oklahoma City, Oklahoma, contacted a consumer residing in a different state—namely the Plaintiff Mr. Moore whose address is reflected as Carol Stream, Illinois in that letter. *See* Dkt. 7 p. 1.

*II Men's Advisory Council*, 506 U.S. 194, 201-02 (1993). A corporation is not permitted to litigate in federal court unless it is represented by a lawyer licensed to practice in that court. *United States v. Hagerman*, 545 F.3d 579, 581 (7th Cir. 2008).

Here, Suess does not claim to be licensed counsel for OKCity Rx, let alone licensed to practice in this Court. Nor has Suess filed any appearance in this case. Instead, Suess claims to be a "business and pharmacy consultant". Dkt. 7 p. 1. Accordingly, notwithstanding the captions in Suess' letters professing to be writings "[f]or OK City Rx, LLC", Suess is not a permissible representative for OKCity Rx in this litigation.

### 2. **Suess Is Not a Party in this Litigation**

As of the date of filing of this Response, the only parties in this litigation are the Plaintiff George Moore and the sole Defendant OKCity Rx. Suess has not been named as a defendant in this case or otherwise been identified as a party in any other capacity. Accordingly, Suess is a non-party.

### 3. **OKCity Rx Has Not Filed an Answer to the Complaint or Any Other Responsive Pleading**

It is axiomatic that if a person who is not permitted to represent a party submits material to the Court on purported behalf of that party, such material cannot constitute a submission by that party. Here, because Suess is not a permissible representative for OKCity Rx, his letters to the Court cannot constitute submissions by OKCity Rx. Accordingly, to the extent Suess' April 5th letter is intended to be construed as OKCity Rx's answer to the Complaint, that letter does not and cannot constitute an answer by OKCity Rx.

As stated above, OKCity Rx has not appeared in this case or filed any answer or other responsive pleading of its own. Clearly, a letter written to the Court by a non-party cannot serve as a substitute for an answer filed by the Defendant. Accordingly, notwithstanding Suess'

contention that Plaintiff's Complaint was answered, no answer or other responsive pleading has been filed by OKCity Rx, and Suess' accusation that Plaintiff "continues to lie to the court" is false and without merit.

### 4. Suess' Letters (Dkts. 7 and 10) Should Be Stricken

Local Rule LR5.6 of this Court provides that letters such as those written by a non-party such as Suess may not be filed unless approved by the Court:

> No pleading, motion [except for motion to intervene], *or other document* shall be filed in any case by any person who is not a party thereto, unless approved by the court. Absent such an order, the clerk shall not accept any document tendered by a person who is not a party. Should any such document be accepted inadvertently or by mistake in the absence of such an order, it may be stricken by the court on its own motion and without notice.

*Local Rules of the U.S. District Court Northern District of Illinois* LR5.6 (emphasis added).

Here, neither of Suess' letters is styled as a motion to intervene, asks the Court to permit Suess to intervene, or offers any argument for why such intervention should be permitted. Indeed, quite opposite to a motion to intervene, Suess' May 17th letter implies instead that his April 5th letter should be construed as an answer to Plaintiff's Complaint. *See* Dkt. 10 p. 1. However, as discussed above, that letter cannot permissibly constitute an answer by OKCity Rx.

No order approving the filing of any letter by Suess appears in the record, nor does any of Suess' letters claim that such an order exists. Accordingly, because Suess is a non-party in this litigation, and because none of his letters constitute a motion to intervene or are otherwise approved by the Court to be filed, the letters should be stricken.

### Conclusion

For the foregoing reasons, Plaintiff respectfully submits that Suess' letters dated April 5 and May 17, 2022 (Dkts. 7 and 10) should be stricken. The fact remains that OKCity Rx has not filed an answer to the Complaint or other responsive pleading. Finally, Suess' claim that Plaintiff

4

lies to the Court is false and without merit.

                              GEORGE MOORE

                      By:  <u>/s/ George Moore</u>
                            George Moore
                            906 Chatham Drive
                            Carol Stream, IL 60188
                            Email: gmoore3@att.net
                            Telephone: (630) 699-3205

## CERTIFICATE OF SERVICE

I hereby certify that, on May 31, 2022, a copy of the foregoing was sent via First-Class U.S. Mail to OKCITY RX LLC at the following address:

3300 NW 56TH ST STE 101
OKLAHOMA CITY, OK 73112
ATTN: MATTHEW LESZCZYNSKI

By: /s/ George Moore
George Moore